IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYRONE LAVALL SCOTT                                                                                      PLAINTIFF

v.                                     Civil No. 4:21-cv-04090

WARDEN HOLDEN, Miller County Detention Center ("MCDC");
PAUL HOLDING, JR., Miller County Sheriff Department;
JUSTIN MCCORMICK; NURSE S. KING, MCDC; WILLIAM
WAYNE HOLDEN, Texarkana, Texas Police Department; PAUL
HOLDON, MCDC; JAMES MOORE, Self-employed Contractor;
MELINDA WATSON, MCDC; SGT. HENDERSON, MCDC;
J. WHOLLERY, Texarkana, Arkansas Police Department;
SERGEANT D. GOLDEN, MCDC; OFFICER MARCUS MOORE,
Texarkana, Arkansas Police Department; PAUL HOLDON, JR.,
Arkansas Community Correction; DOUGLAS MCCORMICK;
SHERIFF RUNION, Miller County; PAUL WILSON, MCDC; J.
GUTHRIE, MCDC; CHARLES WILSON, MCDC; NFRA
NIFRAZIER, MCDC; and AARON GOODNER, Texarkana,
Arkansas Police Department                                                                            DEFENDANTS

**REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 10) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

I.   **BACKGROUND**

Plaintiff, Tyrone Lavall Scott, currently an inmate of the Arkansas Division of Correction, East Arkansas Regional Unit, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on November 19, 2021. (ECF No. 1). That same day, Plaintiff's application to proceed *in forma*

1

*pauperis* was granted. (ECF No. 3).¹ The incidents giving rise to Plaintiff's claims occurred while he was incarcerated in the Miller County Detention Center ("MCDC"). In response to the Court's order, Plaintiff filed an Amended Complaint to clarify his claims on January 25, 2022. (ECF No. 10).

Plaintiff names the following individuals as Defendants in his Amended Complaint: S. King – a Nurse at the MCDC; Sgt. R. Henderson, D. Golden, Nfra N. Frazier² and J. Guthrie, officers employed at the MCDC; Paul Holdon – described by Plaintiff as a Bailiff at the Miller County Circuit Court; Paul Holdon Jr. – described by Plaintiff as a parole officer; Marcus Moore and J. Whollery – officers with the Texarkana Arkansas Police Department; Sheriff Runion – the Sheriff of Miller County; William Wayne Holdon – an officer with the Texarkana Texas Police Department; Aaron Goodner – an officer with the Texarkana Arkansas Police Department; Warden Holdon – the Warden at the Miller County Jail; Melinda Watson – described by Plaintiff as "Corporal/Commissary with the Miller County Jail; James Moore – described by Plaintiff as a self-employed contractor; Paul Holding Jr.³ – an officer with the Miller County Sheriff Department; Paul Wilson and Charles Wilson – described by Plaintiff as "Masp Information" with the MCDC; Douglas McCormick – described by Plaintiff as "Disabled" and unemployed; and Justin McCormick – described by Plaintiff as "Labor" and unemployed. (ECF No. 10, pp. 2-6). Plaintiff sets forth four claims and is suing Defendants in both their personal and official capacities. He is seeking compensatory and punitive damages. *Id.* at p.15.

---

1 The Certificate of Inmate Account and Assets indicates Plaintiff had no funds in his account for the last six months. (ECF No. 2, p. 3).
2 Defendant Frazier is listed on the Court's Docket as "Nfra NiFrazier".
3 Plaintiff has listed "Paul Holding Jr." twice – once as a Parole Officer and again as an officer with the Miller County Sheriff's Department. It is not clear to the Court if they are one and the same person.

Plaintiff describes Claim 1 as "Medical & co-pay" and identifies Defendant King as the person who violated his civil rights. Plaintiff specifically alleges on September 21, 2021:

> …[I]was scheduled for an x-ray. I went in for it and the took $25 dollars twice off my books. Also when I checked my books again it said I have a balance debt of 400 billion dollars five different times. They were taken 400 thousand at a time off. My books always showed a zero balance like someone was ghosting my account. So I'm believed to think that S. King knows something bout everything deal with this matter.

(ECF No. 10, p. 8). He describes his official capacity claim as "over charging and the unlawful use of medical co-pay. It was used to illegally claim funds that were bias to objected purpose. Through jail house policy by me being an ADC inmate I'm under ADC policy and rules and should not be charged for meds nor medical needs." *Id.* at p. 9.

Plaintiff describes Claim Two as "denial of medical attention" and identifies Nurse King as the Defendant who violated his rights. (ECF No. 10, p. 10). *Id.* He specifically states:

> I Tyrone Scott had an x-ray done on 9-25-21 about a rod over my rectum was protruding out. The x-ray was done and I was told that it wasn't anything there. Which I know it was because I felt it and tried pulling it out only to bring back a bloody tissue. I never had a surgery back there before. Nurse S. King still didn't schedule me to see the doctor when Lisa or Chelsie had me scheduled to see the doctor.

*Id.* Plaintiff describes his official capacity claim as "Inadequate medical attention through due process of the jail standards. Have violated my rights guaranteed by the sixth Amendment." *Id.*

Plaintiff describes Claim Three as "Reckless Disregard for the truth (knowing Disregard for the truth)". (ECF No. 10, p. 11). He names the following Defendants as being involved in a violation of his constitutional rights: "Sgt. Henderson, D. Golden, Nfra N. Frazier, J. Guthrie, Sgt Hanning, C. Adams, Lt. Miller,[4] Warden R. Holdon, Melinda Watson, Marcus Moore, Paul

---

[4] This is the first time Plaintiff mentions Sergeant Hanning, C. Adams, or Lt. Miller in any complaint.

3

Holdon Jr. , Paul Holdon, J. Whollery, Sheriff Runion, William Wayne Holdon, Aaron Goodner, Paul Holdon Jr.". (ECF No. 10, p. 11). He describes the acts or omissions which form the basis of Claim Three as follows:

> Between 8-16-21-12-29-21 the above listed defendants responded to a group of request an grievances that I wrote pertaining to me and my family being raped in our home. While I was incarcerated at Miller County Jail I was trying to request to speak to the proper authorities about my situation. Every time they responded that my claim was ambiguous and has no verifiable merits. My fiancée, 4 yr old daughter, 2 yr old stepson, 1 yr old son, 58 yr old aunt was being raped at our home on…Upon writing request and grievance to know avail no help what so ever. Coming to find out that it was there familys that was involved in the rape of me and my whole family in my home. They as well as the police was involved in the cover up as well as helping rape my family. There were a lot of families involved in the rape of my family. Also to cover up the theft of my inheritance. Some of the families names are Holding, Holton, Holdon, Kammers, Holden, Williams, Hayes, Flowers, Donelson, Gossett, Thompson, Young, Daniel, Dodd, Burns, McCormick these are a few of the families.
>
> They also used a lot of inmates from the County Jails & Prison to rape me and my family. Upon finding out we were drugged every day so that we wouldn't remember anything. It was said to be some high up people like ADC higher peplo as well as some government workers. There were a lot of undercover DEA and police from Arkansas, Texas, Louisiana some surrounding areas. A lot of Lawhers, Judges, and business owners around Texarkana.

*Id.* at pp. 11-12.   Plaintiff goes on to describe his official capacity claim as, "Denied due process and equal protection of the laws in violation of the Fourteenth Amendment have caused me to be subject to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment and have violated my rights to a proper investigation." *Id.* at p. 11.

Plaintiff describes Claim Four as "failing to use proper procedure".   (ECF No. 10, p. 13). He identifies Nfra N. Frazier, J. Guthrie, Sgt Henderson, and D. Golden as the Defendants who violated his constitutional rights. Plaintiff specifically states:

> I filled out a property release form at the Miller County Jail upon coming to Ouachita River Unit on 8-27-21. My fiancée at the time came to pick it up. She was

4

> told that I didn't have any property. Come to understand that they gave my phones to someone in there family to go through and steal all my information out of my 5 phones which contained over 32 hundred trillion dollars worth of crypto currency information. All the defendants listed above claims that I didn't come to jail with any property. I came with 5 phones, 1 usb, 1 FCC chip, 1 memory card and reader and a wallet with all my information and debit cards, ID, and various important information also a knife a prayer rug and Quran.

*Id.* Plaintiff describes his official capacity claim for Claim Four as, "Refusing to follow proper procedure of the jail standard in the Ark Stat. for giving out property to someone other than the designated person". *Id.* at p. 14.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Defendants James Moore and Douglas McCormick

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Although Plaintiff names James Moore and Douglas McCormick as Defendants in the Amended Complaint, he does not make any allegations against them. Accordingly, Plaintiff has failed to state any claims upon which relief can be granted against these Defendants. I recommend Defendants James Moore and Douglas McCormick be terminated as Defendants.

#### B. Claim One – Overcharging for Medical Services

Plaintiff alleges Nurse King overcharged him for medical services. He goes on to claim that Defendant King knows something about "they took $25 dollars twice off my books…when I checked my books again it said I have a balance debt of 400 billion dollars…they were taken 400 thousand at a time off. My books always showed a zero balance like someone was ghosting my account…". (ECF No. 10, p. 8).

First, the Court finds Plaintiff's allegations are nonsensical. Moreover, nothing in the Eighth Amendment requires the government to provide at no cost a commodity that would not be free outside the prison and that the inmate has the legal means to purchase. *Mills v. Smith,* No. 2:18-CV-02200, 2019 WL 1446992, at *4 (W.D. Ark. Apr. 1, 2019). If a prison official withholds necessary medical care from an inmate with a serious medical need who cannot afford to pay, the official's action would violate the inmate's constitutional rights, but insisting an inmate with sufficient funds pay for his own medical care is neither deliberate indifference nor punishment. *Id.* It is not a federal constitutional violation to require prisoners to pay for medical services if they can afford to do so. *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999). Accordingly, I recommend Plaintiff's personal capacity claim set forth in Claim One against Defendant King be dismissed with prejudice.

C. **Claim Two – Denial of Medical Care**

Plaintiff alleges Defendant King denied him medical care when he did not schedule an appointment for Plaintiff with a doctor – even "when Lisa or Chelsie had me scheduled to see the doctor". Plaintiff states he had an x-ray done for "a rod over my rectum was protruding out" and was told "that it wasn't anything there. Which I knew it was because I felt it and tried pulling it out only to bring back a bloody tissue…" (ECF No. 10, p. 10). At this stage, while the claim is somewhat confusing, the Court finds Plaintiff has stated a claim for denial of medical care against Defendant King in his individual capacity only and recommends this claim proceed.

D. **Claim Three – "Reckless Disregard for the Truth"**

In Claim Three Plaintiff alleges Defendants Henderson, Golden, N. Frazier, Guthrie, Hanning, Adams, Miller, Holdon, Melinda Watson, Moore Paul Holden Jr., Paul Holden, Whollery, Runion, William Wayne Holdon, and Goodner violated his constitutional rights when

7

he submitted "a group of request an grievances…pertaining to me and my family being raped in our home…Every time they responded that my claim was ambiguous and has no verifiable merits." (ECF No. 10, p. 12). The Court construes these allegations as potential claims against these Defendants for failure to respond to grievances and failure to assist in investigating crimes against he and his family which allegedly occurred in Plaintiff's family home.

First, the law is well settled that there is no constitutional right to a grievance procedure. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (inmate failed to state claim because no constitutional right was violated by defendants' failure to process all grievances submitted; prison grievance does not confer any substantive right upon inmates).

Second, the law is clear that victims of a crime lack any legal right to compel criminal prosecution or institute criminal prosecution. *See Hurst v. Hurst*, No. 5:14-cv-05270-TLB, 2014 WL 5018827, at *2 (W.D. Ark. September 17, 2014), citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir 2003 (rejecting a § 1983 claim based on the violation of a criminal statute; *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person). In addition, there is no constitutional right to have law enforcement officials investigate a reported crime. *See Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002) (no due process or equal protection violation by sheriff's department sergeant in responding to a call reporting domestic violence). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens [against illegal private acts], but rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir. 1998) (*citing DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)).

Accordingly, the Court recommends Plaintiff's Claim Three for failure to respond to grievances and failure to investigate and charge certain people with crimes be dismissed for failure to state a claim.

### E. Claim Four – Theft of Plaintiff's Property

Plaintiff alleges Defendants Frazier, J. Guthrie, Henderson and Golden violated his rights after he filled out a property release form at the MCDC and instead of releasing his property to his fiancée, they "gave my phones [and other personal property) to someone in there family to go through and steal all my information…which contained 32 hundred trillion dollars worth of cryto currency information". (ECF No. 10, p. 13). The Court construes Plaintiff's allegations as a claim for theft of his property.

Here, Plaintiff has adequate post-deprivation remedies to regain his property. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Because Plaintiff could seek redress in Arkansas state courts for his claim of loss of property, he has no claim pursuant to § 1983 in this regard. Accordingly, I recommend Plaintiff's claims for theft of property against Defendants N. Frazier, J. Guthrie, Henderson and Golden be dismissed without prejudice.

9

### F. Official Capacity Claims

Here, Plaintiff fails to allege plausible official capacity claims against any of the Defendants. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against the following: Miller County; Arkansas Community Corrections/ State of Arkansas; the City of Texarkana, Arkansas; the City of Texarkana, Texas; and Southern Health Partners, Inc. – Defendant King's employer. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a [county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish municipal liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Plaintiff fails to identify any custom, policy, or practice of any of the employers of Defendants which violated his constitutional rights.[5] Accordingly, I recommend all of Plaintiff's

---

5 In addition, Arkansas Community Correction is a division of the State of Arkansas. The State of Arkansas is immune from suit. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State*

official capacity claims be dismissed.

## IV. CONCLUSION

For these reasons, the Court recommends:

(1) The Clerk be DIRECTED to terminate James Moore and Douglas McCormick as Defendants and dismiss all claims against them without prejudice;

(2) All official capacity claims against Defendants be dismissed without prejudice except the claim against the State of Arkansas which should be dismissed with prejudice;

(3) Claim One against Defendant King in his personal capacity for overcharging for medical care be dismissed with prejudice;

(4) Claim Two against Defendant King in his personal capacity for denial of medical care proceed;

(5) Claim Three against all named Defendants in their personal capacity for failure to respond to grievances and failure to investigate or charge individuals with crimes be dismissed with prejudice;

(6) Claim Four against all named Defendants for theft of property be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

---

*Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

**the district court.**

Service on Defendant King will be addressed in a separate order.

**DATED** this 18th day of February 2022.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE